## UNITED STATES DISTRICT COURT
## DISTRICT OF MARYLAND
## SOUTHERN DIVISION

| | |
|---|---|
| Morella Ewell, | : |
| | : Civil Action No.: _____ |
| Plaintiff, | : |
| v. | : |
| | : |
| Oxford Management Services, Inc.; and DOES 1-10, inclusive, | : **COMPLAINT** |
| | : |
| | : |
| Defendants. | : |

For this Complaint, the Plaintiff, Morella Ewell, by undersigned counsel, states as follows:

## **JURISDICTION**

1.      This action arises out of Defendants' repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), and the invasions of Plaintiff's personal privacy by the Defendants and their agents in their illegal efforts to collect a consumer debt.

2.      Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

3.      Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that the Defendants transact business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

## **PARTIES**

4.      The Plaintiff, Morella Ewell ("Plaintiff"), is an adult individual residing in Dunkirk, Maryland, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

5.      Defendant, Oxford Management Services, Inc. ("Oxford"), is a Florida business entity with an address of 4180 Okeechobee Rd Fort Pierce, Florida 34947, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

6.      Does 1-10 (the "Collectors") are individual collectors employed by Oxford and whose identities are currently unknown to the Plaintiff.  One or more of the Collectors may be joined as parties once their identities are disclosed through discovery.

7.      Oxford at all times acted by and through one or more of the Collectors.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

### A.  The Debt

8.      The Plaintiff incurred a financial obligation in the approximate amount of $187.00 (the "Debt") to LabCorp (the "Creditor").

9.      The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

10.     The Debt was purchased, assigned or transferred to Oxford for collection, or Oxford was employed by the Creditor to collect the Debt.

11.     The Defendants attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

### B.  Oxford Engages in Harassment and Abusive Tactics

12.     The Defendants called the Plaintiff in an attempt to collect the debt. The Plaintiff stated she is unable to pay the debt at this time and needs to see the invoice first before she arranges to make a payment.

2

13.    The Defendants have continued placing calls to Plaintiff as often as (3) times a day in an attempt to collect the debt.

14.    The Defendants do not identify themselves when speaking with Plaintiff.

15.    The Defendants failed to include a mini-Miranda warning, stating that the Defendants' call is an attempt to collect the debt.

16.    The Defendants have failed to send the Plaintiff a 30-Day Validation Notice.

17.    The Defendants threatened to ruin the Plaintiff's credit when speaking to her on the phone.

18.    The Defendants have used rude and abusive language when speaking with Plaintiff. The Defendants yelled at her and said: "stop and listen! Shut up!"


**C.  <u>Plaintiff Suffered Actual Damages</u>**


19.    The Plaintiff has suffered and continues to suffer actual damages as a result of the Defendants' unlawful conduct.

20.    As a direct consequence of the Defendants' acts, practices and conduct, the Plaintiff suffered and continues to suffer from humiliation, anger, fear, frustration and embarrassment.

21.    The Defendants' conduct was so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.

<u>**COUNT I**</u>
<u>**VIOLATIONS OF THE FDCPA 15 U.S.C. § 1692, et seq.**</u>

22.    The Plaintiff incorporates by reference all of the above paragraphs of this

Complaint as though fully stated herein.

23.     The Defendants' conduct violated 15 U.S.C. § 1692d(2) in that Defendants used profane and abusive language when speaking with the consumer.

24.     The Defendants' conduct violated 15 U.S.C. § 1692d(5)  in that Defendants caused a phone to ring repeatedly and engaged the Plaintiff in telephone conversations, with the intent to annoy and harass.

25.     The Defendants' conduct violated 15 U.S.C. § 1692d(6) in that Defendants placed calls to the Plaintiff without disclosing the identity of the debt collection agency.

26.     The Defendants' conduct violated  in that Defendants threatened to communicate false credit information, in violation of 15 U.S.C. § 1692e(8).

27.     The Defendants' conduct violated 15 U.S.C. § 1692e(11) in that Defendants failed to inform the consumer that the communication was an attempt to collect a debt.

28.     The Defendants' conduct violated 15 U.S.C. § 1692g(a)(1) in that Defendants failed to send the Plaintiff a validation notice stating the amount of the Debt.

29.     The Defendants' conduct violated 15 U.S.C. § 1692g(a)(2) in that Defendants failed to send the Plaintiff a validation notice stating the name of the original creditor to whom the Debt was owed.

30.     The Defendants' conduct violated 15 U.S.C. § 1692g(a)(3) in that Defendants failed to send the Plaintiff a validation notice stating the Plaintiff's right to dispute the Debt within thirty days.

31.     The Defendants' conduct violated 15 U.S.C. § 1692g(a)(4) in that Defendants failed to send the Plaintiff a validation notice informing the Plaintiff of a right to have verification and judgment mailed to the Plaintiff.

4

32.     The Defendants' conduct violated 15 U.S.C. § 1692g(a)(5) in that Defendants failed to send the Plaintiff a validation notice containing the name and address of the original creditor.

33.     The Defendants' conduct violated 15 U.S.C. § 1692g(b) in that Defendants continued collection efforts even though the Debt had not been verified.

34.     The foregoing acts and omissions of the Defendant constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

35.     The Plaintiff is entitled to damages as a result of Defendant's violations.

## COUNT II
## VIOLATIONS OF THE MARYLAND CONSUMER DEBT COLLECTION ACT
## MD. CODE COMM. LAW § 14-201, et seq.

36.     The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

37.     The Defendants are each individually a "collector" as defined under MD. Code Comm. Law § 14-201(b).

38.     The debt is a "consumer transaction" as defined under MD. Code Comm. Law § 14-201(c).

39.     The Defendants repeatedly contacted the Plaintiff with the intent to harass or abuse, in violation of MD. Code Comm. Law § 14-202(6).

40.     The Defendants used obscene and grossly abusive language when communicating with the Plaintiff, in violation of MD. Code Comm. Law § 14-202(7).

41.     The Plaintiff is entitled to damages proximately caused by the Defendants' violations.

## COUNT IV
## INVASION OF PRIVACY BY INTRUSION UPON SECLUSION

42.     The Plaintiff incorporates by reference all of the above paragraphs of this

Complaint as though fully stated herein.

43.     The *Restatement of Torts, Second,* § 652(b) defines intrusion upon seclusion as,

"One who intentionally intrudes…upon the solitude or seclusion of another, or his private affairs

or concerns, is subject to liability to the other for invasion of privacy, if the intrusion would be

highly offensive to a reasonable person."

44.     Maryland further recognizes the Plaintiff's right to be free from invasions of

privacy, thus Defendants violated Maryland state law.

45.     The Defendants intentionally intruded upon Plaintiff's right to privacy by

continually harassing the Plaintiff with excessive calls.

46.     The telephone calls made by the Defendants to the Plaintiff were so persistent and

repeated with such frequency as to be considered "hounding the plaintiff" and "a substantial

burden to her existence," thus satisfying the *Restatement of Torts, Second,* § 652(b) requirement

for an invasion of privacy.

47.     The conduct of the Defendants in engaging in the illegal collection activities

resulted in multiple invasions of privacy in such a way as would be considered highly offensive

to a reasonable person.

48.     As a result of the intrusions and invasions, the Plaintiff is entitled to actual

damages in an amount to be determined at trial from the Defendants.

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff prays that judgment be entered against the Defendants:

1.   Actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against the Defendants;

6

2. Statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A) against the Defendants;

3. Costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against the Defendants;

4. Actual damages pursuant to MD. Code Comm. Law § 14-203;

5. Actual damages pursuant to MD. Ann. Code. Bus. Reg. § 7-401(b);

6. Statutory damages pursuant to 47 U.S.C. § 227(b)(3)(B) & (C);

7. Actual damages from the Defendants for the all damages suffered as a result of the intentional, reckless, and/or negligent FDCPA violations and intentional, reckless, and/or negligent invasions of privacy in an amount to be determined at trial for the Plaintiff; and

8. Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: February 22, 2011

Respectfully submitted,

By  /s/ Forrest E. Mays

Forrest E. Mays (Bar No. 07510)
1783 Forest Drive, Suite 109
Annapolis, MD  21401
Telephone: (410) 267-6297
Facsimile: (410) 267-6234
Email: mayslaw@mac.com

Of Counsel To
LEMBERG & ASSOCIATES L.L.C.
A Connecticut Law Firm
1100 Summer Street, 3rd Floor
Stamford, CT 06905
Telephone: (203) 653-2250

Facsimile:  (877) 795-3666
ATTORNEYS FOR PLAINTIFF